Kenneth and Carol DUNAWAY, Individually and as Parents and Natural Guardians of Danielle Dunaway, a minor; and Carol Dunaway, Appellants,

v.

SOUTHEASTERN SCHOOL DISTRICT

v.

Ruth GEMMILL.

Commonwealth Court of Pennsylvania.

Argued April 16, 1996.
Decided May 22, 1996.

Richard Angino, for Appellant.

F. Lee Shipman, for Appellee.

Before McGINLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Kenneth and Carol Dunaway (Dunaways), the natural guardians of Danielle Dunaway (Danielle), appeal from an order of the Court of Common Pleas of York County (trial court) which granted Southeastern School District's (District) motion for summary judgment in an action instituted by Dunaways against District.

Dunaways commenced this action on March 1, 1991 against District, as a result of an incident which occurred on December 21, 1988 at approximately 8:20 a.m. in Fawn Grove. The incident occurred at the southern side of the intersection of Route 851, which runs in an east/westbound direction, where it forms a "T" with Morris Avenue to the north. (*See* Comer, Deposition Exhibit # 2, Attached hereto as Appendix A). Dunaways' daughter, a six year old student at Fawn Grove Elementary School, was waiting for her bus along with several other students on the northern side of Route 851. When the bus arrived in the eastbound lane, on the

southern side of Route 851, Danielle and the other students started across the westbound lane of Route 851 in order to board the bus from the opposite side of the road. Danielle slipped on the westbound lane of Route 851 while she was crossing, causing her to drop the items she was carrying. When she bent down to retrieve her belongings, the bus driver closed the bus door and started to move the bus forward.[1] Danielle was run over by both the left front and rear tires of the bus, sustaining injuries.[2]

In their complaint, Dunaways alleged, among other things, that District was negligent in establishing and maintaining the school bus loading zone at issue herein in conformance with its statutory duty under the Vehicle Code (Code), 75 Pa.C.S. §§ 101–9821, particularly, 75 Pa.C.S. § 3345(h)[3] and 67 Pa.Code § 104.3 of the regulations thereunder.[4]

At the close of discovery, District filed the within motion for summary judgment, asserting that it was immune from liability under Section 8541 of what is commonly called the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. § 8541,[5] because of Dunaways' failure to demonstrate a common law or statutory cause of action against District as required by Section 8542 of the Tort Claims Act.[6]

We note that Pennsylvania Rule of Civil Procedure 1035(a) provides that after the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits. Subsection (b) of Rule 1035 further provides that the judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The trial court granted District's motion for summary judgment, concluding, upon review of the admissions in the pleadings and the depositions and exhibits presented therewith, that there were no genuine issues of material fact and that the record disclosed that the school bus loading zone at issue herein was an "on-roadway" loading zone,[7]

1. While it does not affect the outcome herein, it is unclear from the record as to whether Danielle was hit by the bus while she was bent down picking up her belongings, or whether she had resumed walking to board the bus when she was struck.

2. We note that Dunaways originally filed a lawsuit against the bus driver, Ruth Gemmill, an independent contractor who was operating the bus pursuant to a contract with District. This suit settled and the trial court approved a $300,000 lump sum payment from Gemmill's insurance carrier in exchange for a joint tortfeasor release on April 26, 1990.

3. Section 3345(h) of the Code provides:
    (h) Loading zones for school children.—Every school district transporting school children by school bus shall establish and maintain school bus loading zones at or near all schools to or from which school children are transported and shall establish school bus loading zones along the highways traversed by school buses in accordance with regulations promulgated by the department.

4. We note that District filed a motion for judgment on the pleadings which the trial court, by order dated June 29, 1992, denied.

5. Section 8541 of the Tort Claims Act provides:

    Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

6. Section 8542 provides, in relevant part:

    (a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter *if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):*
    (1) *The damages would be recoverable under common law or a statute creating a cause of action ...* (Emphasis added).

7. Dunaways had asserted before the trial court that the bus stop at issue here was an "off-roadway" loading zone and that District violated the standards set forth by the Department for maintaining an "off-roadway" loading zone which, pursuant to 67 Pa.Code § 104.3(a), require that the bus be pulled off the roadway and which specifies that students either reside or walk to or from the loading zone on the same side of the road as the loading zone or be afforded the protection of traffic signals, stop signs, and a uniformed police officer or crossing guard

the standards for which are set forth in Section 104.3(b) of the regulations.[8] The trial court, upon further review, concluded that District did not violate the standards set forth in Section 104.3(b) of the regulations relating to "on-roadway" loading zones, and accordingly, concluded that no common law or statutory cause of action existed against District.

Based upon the foregoing, the trial court held that the threshold requirement under the exceptions to governmental immunity, found in Section 8542(a) and set forth hereinabove, was not established by the facts of the case. Accordingly, the trial court granted summary judgment.

On appeal,[9] Dunaways assert that the trial court erred in granting District's motion for summary judgment. Specifically, Dunaways maintain that there existed genuine issues of material fact as to whether District properly discharged its duty of care under the Code.[10] We disagree and affirm the trial court's decision.

In concluding that the school bus loading zone at issue herein was an "on-roadway" loading zone, and that the standards for establishing such a zone were met by District, the trial court relied on the deposition testimony of Terry J. Garvie, manager of the regulations unit of the Traffic Engineering and Operations Division Bureau of Highway Safety and Traffic Engineering, and Clinton P. Hammond, a Pennsylvania State Police Officer employed as a safety education officer, as well as photographs and videotape of the accident scene.

Terry Garvie testified, upon viewing the site, as well as photographs and videotape thereof, that the site was maintained by District as an "on-roadway" loading zone because there was insufficient width to accommodate a school bus along side the roadway and safely accommodate school students in an "off-roadway" loading zone. Clinton Hammond also testified, upon viewing photographs of the scene, that this was an "on-roadway" loading zone. He further testified that following the accident he inspected the loading zone and concluded that this was one of the better stops in the district and that the sight distance in both directions at this stop was adequate.

Our review of the record reveals that the trial court was correct in concluding that the bus stop in question was an "on-roadway" loading zone, and that District did not violate its statutory duty in creating said zone as the testimony and exhibits revealed it was neither practical or possible to maintain the stop as an "off-roadway" loading zone. Accordingly, as no common law or statutory cause of action for which damages would be recoverable existed against District, summary judgment in its favor was proper. Accordingly, we affirm the trial court's order.

### ORDER

AND NOW, this 22nd day of May, 1996, the order of the Court of Common Pleas of York County dated July 31, 1995 is affirmed.

---

to direct, control or regulate traffic at the "off-roadway" loading zone.

8. 67 Pa.Code § 104.3(b) provides:
    (b) On-roadway loading zones. If it is not possible or practical to establish a school bus loading zone off the roadway, the loading zone should be located to optimize driver sight distance to the school bus in both directions. Outside a business or residence district, the required sight distance to a school bus stopped on the roadway shall be a minimum of 500 feet unless:
    (1) The school district chooses a location for a loading zone with a lower sight distance because it is safer for the school bus to stop at this location than it is for the student to walk to a location that satisfies the 500-foot sight distance requirements.

(2) The local authorities as defined in 75 Pa.C.S. § 102 (relating to definitions) approve the location chosen by the school district. See § 15.3 (relating to special operating privileges).

9. Our scope of review from the trial court's grant of summary judgment is limited to whether their has been an error of law or an abuse of discretion. *Jones v. Chieffo,* 664 A.2d 1091 (Pa. Cmwlth.1995).

10. We note that Dunaways also maintain that the matter falls within the vehicle exception to immunity under Section 8542(b) of the Tort Claims Act. However, because of our disposition herein, we need not address this issue.

APPENDIX A

A Bus

B Carole Johns

C Jack Mosel

DEPOSITION EXHIBIT #4

Claimants residence